IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDWARD WIGGINS,         )
                              )
      Plaintiff,         )
                              )
v.                       )     Civil Action No. 3:20CV320–HEH
                              )
COMMISSIONER FOR     )
DEPARTMENT OF BEHAVIORAL & )
DEVELOPMENTAL SERVICES, *et al.*, )
                              )
      Defendants.      )

## MEMORANDUM OPINION
### (Dismissing Action With Prejudice)

Edward Wiggins, a former Virginia civil detainee proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. The matter is now before the Court for evaluation of Wiggins's Second Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

## I.    PROCEDURAL HISTORY

By Memorandum Order entered on September 21, 2020, the Court directed Wiggins to file a particularized complaint. Wiggins filed a Particularized Complaint that was terse and conclusory, and again, failed to provide the Defendants with fair notice of the facts and legal basis upon which their liability rests. (ECF No. 8.) By Memorandum Order entered on October 30, 2020, the Court directed Wiggins to file a second

particularized complaint and provided him with detailed instruction. The Court explained

as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff
> must allege that a person acting under color of state law deprived him or her
> of a constitutional right or of a right conferred by a law of the United States.
> *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653,
> 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe
> *pro se* civil rights complaints in order to address constitutional deprivations.
> *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless,
> "[p]rinciples requiring generous construction of *pro se* complaints are not . . .
> without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.
> 1985). Plaintiff's current allegations fail to provide the defendant with fair
> notice of the facts and legal basis upon which his or her liability rests. *See*
> *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*
> *Gibson*, 355 U.S. 41, 47 (1957)).

(ECF No. 9, at 1.) On November 16, 2020, and again on November 20, 2020, Wiggins

filed two different particularized complaints. (ECF Nos. 10, 11.) Because the November

20, 2020 Second Particularized Complaint is filed later in time and is significantly more

detailed, the Court assumes Wiggins intends to proceed on that Second Particularized

Complaint. ("Complaint," ECF No. 11). Accordingly, the November 16, 2020

Particularized Complaint will not be considered by the Court. Nevertheless, as discussed

below, Wiggins's Complaint remains deficient.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects,
> or causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an action
> at law . . . .

42 U.S.C. § 1983.

## II.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

3

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   WIGGINS'S ALLEGATIONS AND CLAIMS

Wiggins's Complaint is both terse and lacking in necessary fact.  Wiggins contends that Defendants "Alison Land (Commissioner), Jason Wilson (Director), Dr.

4

Dennis (Forensic), Dr. Schlank (Clinical Director), and Ms. Spady (Therapist)" (Compl.

1), violated his Eighth and Fourteenth Amendment rights.[2] Although, Wiggins provides

no further identifying information about these Defendants, the Court presumes that they

work at the Virginia Center for Behavioral Rehabilitation ("VCBR") where Wiggins was

civilly detained at the time he initially filed this action.[3] Wiggins alleges the following:[4]

1. The Defendants acting under color of state law deprived Plaintiff of his constitutional rights.

2. The Defendants' misconduct has deprived Plaintiff of adequate and fair treatment because they intentionally used false and misleading allegation making him the subject of cruel and unusual punishment while he's confined under their care.

3. The alleged false allegation was to have one believe that Plaintiff violated a major rule here at VCBR of gambling, which Plaintiff totally denied.

4. Plaintiff was never caught with any gambling paraphernalia, never caught gambling, that major rule violation cause Plaintiff not to meet a num[ber] of his objective[s] which kept him at VCBR longer, see exhibit 1.

5. The Defendants required of Plaintiff to take a polygraph test which he complied to prove his innocence, a tool the Defendants rely on to determine truth or falsehood in order to see if Plaintiff was being truthful concerning his participation in the gambling ring here at VCBR. On November 25, 2018, the results of the polygraph test came back NO DECEPTION INDICATED meaning Plaintiff was being truthful, see exhibit 2.

---

[2] Although Wiggins's Complaint is completely devoid of any useful background information about his circumstances, the Court believes that he was civilly committed as a sexually violent predator after his release from incarceration. *See* Va. Code Ann. § 37.2–900 *et seq.* (West 2020). Because Wiggins was a civil detainee at the time he filed this action, the Fourteenth Amendment, not the Eighth Amendment, controls his claims. *See Youngberg v. Romeo*, 457 U.S. 307, 315–16 (1982).

[3] Wiggins was clearly released from detention by December 8, 2020, as his notice of change of address filed with the Court that day reflects a non-institutional street address. (ECF No. 12.)

[4] The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations to the Complaint.

6. In which there was an ongoing investigation which was not concluded due to the fact the polygraph Dr. Schlank asked for was put off to a later date.

7. Yet on November 5, 2018, Dr. Dennis testified against Plaintiff putting the cart before the horse claiming that Plaintiff was a participant in gambling ring because he was accused of it by an informant during the investigation which he knew has not been concluded absent the results not giving the Plaintiff a chance to prove his innocence.

8. Dr. Schlank, Ms. Spady, Mr. Wilson, and Dr. Dennis all had a specific duty to Plaintiff to [as] the individual whom Plaintiff sought to have undo the malpractice which was done to him.

9. In Virginia Code Governing the Practice of Psychology under sex offender treatment, the Defendants were to ensure that all statements are neither fraudulent [nor] misleading and avoid harming patient[s], be alert to and guard against misuse of influence.

10. In conclusion, the Defendants did not rectify procedural . . . due process by allowing the false allegation to continue even though the polygraph results had shown no deception.  Which is malpractice that caused Plaintiff to suffer by 1.) being demoted in phase, 2.) loss [of] privileges, 3.) hindering release.

11. Plaintiff suffer and continue to suffer emotional and mental anguish due to actions of Defendants and consequences thereof.

(Compl. 2–3.) Wiggins alleges the following claims for relief:

Claim One: "8th Amendment cruel and unusual punishment by keeping Plaintiff confined on false allegation." (*Id.* at 4.)

Claim Two: "14th Amendment failed to provide procedural due process by correcting the false allegation once Plaintiff passed the polygraph November 25[], 2018." (*Id.*)

Wiggins seeks a jury trial and $500,000. (*Id.*)[5]

---

[5] Wiggins also states that Defendants violated the Federal Rules of Evidence and they are liable for "his emotional injuries because Dr. Dennis violated the Code of Professional Conduct when he submit[ed] a fraudulent and biased Annual Review Evaluation to the Circuit Court of Portsmouth against Plaintiff and testified under oath to the same." (Compl. 4.)  These alleged violations of procedural rules or codes do not implicate a constitutional right and will not be considered.

## IV.   ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of

Wiggins's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996)

(emphasizing that "abbreviated treatment" is consistent with Congress's vision for the

disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S.

319, 324 (1989))).  Ultimately, Wiggins's Complaint will be dismissed for failing to state

a claim under Federal Rule of Civil Procedure 12(b)(6), as legally frivolous, and as moot.

### A.    No Personal Liability

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that

a person acting under color of state law deprived him or her of a constitutional right or of

a right conferred by a law of the United States. *See Dowe v. Total Action Against*

*Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).  "Government officials

may not be held liable for the unconstitutional conduct of their subordinates under a

theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations

omitted).   To state a legally sufficient claim for an alleged violation of a federal

constitutional right, "[a] plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." *Id.*

Accordingly, the plaintiff must allege facts that affirmatively show "that the official

charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*,

550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted).  "Where a

complaint alleges no specific act or conduct on the part of the defendant and the

complaint is silent as to the defendant except for his name appearing in the caption, the

complaint is properly dismissed, even under the liberal construction to be given pro se

complaint." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v.*

*Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Wiggins fails to mention Defendant Land in the Complaint, and thus, he fails to

allege facts indicating that she was personally involved in the deprivation of his

constitutional rights. Moreover, throughout the Complaint, Wiggins simply states that

"the Defendants" owed him some duty, but he fails once again to identify how each were

personally involved in the deprivation of his rights. *Cf. Grieveson v. Anderson*, 538 F.3d

763, 778 (7th Cir. 2008) (citation omitted) (explaining that vague references to a group of

"defendants," without specific allegations tying the individual defendants to the alleged

unconstitutional conduct, fail to state a claim against those defendants). With respect to

Dr. Schlank, Wiggins alleges that Dr. Schlank asked for a polygraph test of Wiggins that

was later postponed. (Compl. 2.) The Court fails to discern, and Wiggins fails to

explain, how Dr. Schlank was personally involved in the deprivation of Wiggins's

constitutional rights based on this allegation. With respect to Dr. Dennis, Wiggins

alleges that Dr. Dennis "testified against Plaintiff putting the cart before the horse

claiming that Plaintiff was a participant in a gambling ring." (*Id.* at 3.) However,

Wiggins fails to allege facts indicating where this testimony was presented and how that

testimony violated Wiggins's constitutional rights.

The only other specific mention of any defendant is that, "Dr. Schlank, Ms. Spady,

Mr. Wilson, and Dr. Dennis all had a specific duty to Plaintiff to [as] the individual

whom Plaintiff sought to have undo the malpractice which was done to him." (Compl.

3.) This statement is insufficient to demonstrate that each named defendant acted *personally* in the deprivation of Wiggins's rights. Thus, Wiggins fails to state a claim of constitutional dimension. Accordingly, for this reason alone, Wiggins's claims may be dismissed against all named Defendants. Nevertheless, there are several other reasons why Wiggins's claims fail to state a claim for relief and are legally frivolous.

**B.    Challenge to Ongoing Detention and Request for Damages**

Underlying both of his claims, Wiggins clearly challenges his ongoing detention and requests monetary damages for his ongoing detention. However, "a civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, but not the fact or length of the confinement." *Brown v. Johnson*, 169 F. App'x 155, 156 (4th Cir. 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)). Thus, to the extent that Wiggins seeks damages based on the fact of his civil detention or his continued civil detention, his claims may not be brought pursuant to § 1983 and are legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See McVey v. Runion*, No. 3:11CV534, 2012 WL 2374016, at *2–3 (E.D. Va. Feb. 21, 2012); *Turner v. Johnson*, No. 1:11CV1086 CMH/TCB, 2011 WL 9155786, at *1 (E.D. Va. Oct. 21, 2011), *aff'd* 466 F. App'x 214, 214 (4th Cir. 2012).[6] Claim One, which only challenges

---

[6] The fact or duration of detention must be raised by way of habeas corpus. However, "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Wiggins has been released from detention. Therefore, any claim he may have brought challenging the fact or duration of his detention would be moot even if he had properly raised it by habeas.

Wiggins's ongoing detention, and any other challenge to the fact or duration of his detention and the related monetary damages will be dismissed with prejudice.

### C.     Fourteenth Amendment Violation

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005) (citations omitted).

To establish a state-created liberty interest, Wiggins "must identify a right to be free from restraint that imposes atypical and significant hardship in relation to the ordinary incidents of his [civil] confinement." *Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002) (applying *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) to involuntarily committed sexually violent predators). Absent an extreme deprivation of liberty, "the Constitution does not require that a [civilly committed person] be afforded *any process at all* prior to deprivations beyond that incident to normal [commitment] life." *Deavers v. Santiago*, 243 F. App'x 719, 721 (3d Cir. 2007) (explaining that the Third Circuit "extended *Sandin*'s foreclosure of procedural due process protections to . . . a plaintiff civilly committed" (citations omitted)).

In Claim Two, Wiggins contends: "14th Amendment failed to provide procedural due process by correcting the false allegation once Plaintiff passed the polygraph

10

November 25, 2018." (Compl. 4.)  Wiggins's underlying claim is vague and not entirely

clear.  Wiggins seemingly contends that he was accused of gambling and that a later

polygraph proved that he was innocent, but that he was denied due process because he

was not provided with a polygraph test when he desired to be tested.  Wiggins contends

that this was "malpractice that caused Plaintiff to suffer by 1.) being demoted in phase,

2.) loss [of] privileges, 3.) hindering release." (*Id.*)  Wiggins cites to Exhibit 1 for this

claim.  (ECF No. 11–1, at 1.)  Exhibit 1 is a portion of a report containing observation

notes from an examination of Wiggins with respect to his status as a sexually violent

predator.[7]  The report does not identify that Wiggins was charged with gambling; rather,

it identifies that Wiggins engaged in "gambling behaviors" because he took rags from the

kitchen without permission.  (*Id.* at 1–2.)  Wiggins repeatedly underlines the portions of

the report that mentions the word "gambling behaviors."  There is no reference to

Wiggins being part of an illegal gambling ring, as Wiggins suggests in his Complaint.

Thus, to the extent that the Court may even consider this document, *see Witthohn v. Fed.*

*Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (citation omitted), the exhibit does not

help to clarify Wiggins's vague and terse allegations.

    Wiggins fails to allege facts that would plausibly suggest that Defendants denied

him due process.  Although Wiggins contends that he was accused of gambling, he fails

---

[7] "An observation note is part of a detainee's treatment record and documents behavior,
including behavior related to phase goals, behavior related to violations of rules and privileges,
and refusals of medical appointments, medication, and meals." *Hairston v. Wilson*,
No. 1:19cv862 (AJT/MSN), 2021 WL 2640803, at *1 (E.D. Va. June 24, 2021) (citation
omitted).

to identify with the requisite specificity a deprivation resulting from this accusation, much less one that amounted to an atypical and significant hardship. At most, it appears that Wiggins's alleged gambling was included as part of his assessment by VCBR medical staff for his fitness for release. Although Wiggins vaguely states that he was "demoted in phase," lost some unidentified privilege, and his release was "hinder[ed]" (Compl. 3), these allegations do not plausibly suggest that he was subjected to deprivations beyond the ordinary incidents of his civil commitment. Wiggins also fails to identify any specific procedural deficiency through his vague allegations. At most, he faults Defendants because they "did not rectify procedural . . . due process." (*Id.*) This is insufficient to state a due process claim. Accordingly, any remaining due process claim will be dismissed for failure to state a claim.

## V.    CONCLUSION

For the foregoing reasons, Wiggins's claims are DISMISSED for failure to state a claim upon which relief may be granted and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept. 13, 2021
Richmond, Virginia